[ECF No. 6]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| HAROLD TUCKER,<br><br>        Plaintiff,<br><br>v.<br><br>ERIC NAULT et al.,<br><br>        Defendants. | Civil No. 22-4719 (CPO/SAK) |

**OPINION AND ORDER**

This matter is before the Court on the motion of Plaintiff Harold Tucker [ECF No. 6] seeking an Order authorizing service of process upon Defendant Eric Nault by alternative means. No opposition has been filed. The Court exercises its discretion to decide Plaintiff's motion without oral argument. *See* FED. R. CIV. P. 78; L. CIV. R. 78.1. For the reasons to be discussed, Plaintiff's motion is **GRANTED**.

**I.    BACKGROUND**

Plaintiff filed this personal injury action on July 25, 2022. He asserts a claim of negligence against Defendant Eric Nault. *See* Compl. [ECF No. 1]. He asserts an additional claim of negligent entrustment against Defendant Hertz System, Inc. *See id.* ¶¶ 28–35. Plaintiff's claims arise out of a motor vehicle accident that allegedly occurred on January 15, 2021 in Palmyra, New Jersey. *See id.* ¶ 15. Plaintiff contends that Nault was operating a vehicle owned by Hertz at the time of the accident, and that his negligent operation of the vehicle caused it to collide with Plaintiff's vehicle. *See id.* ¶¶ 16–20. As a result, Plaintiff alleges he suffered serious and permanent personal injuries.

To date, Plaintiff alleges that he has been unable to locate and serve Nault with process. Plaintiff has attempted service on Nault on at least eight occasions over a six-month period, at five addresses spanning two states. *See* Simon Aff. ¶¶ 1–6.[1] On August 1, 2022, Plaintiff initially attempted to serve Nault *via* certified mail at the address listed in Plaintiff's complaint—namely, an apartment located in Omaha, Nebraska. *See id.* ¶ 1.  On September 6 and 28, 2022, Plaintiff attempted to serve Nault *via* certified mail at two other Omaha addresses. *See id.* ¶¶ 2–3.  Similarly, on October 31, 2022, Plaintiff attempted to serve Nault by certified mail at a fourth Omaha address. *See id.* ¶ 4.  Finally, on December 1, 2022, Plaintiff attempted service on Nault *via* certified mail at an address in Minneapolis, Minnesota. *See id.* ¶ 5.  Each attempt at such service was unsuccessful—either the green card was not returned, or the certified mail pack was returned as unclaimed or undeliverable. *See* Pl.'s Mot. at 2–3 (citing Exs. B–F).

On February 9, 10, and 11, 2023, service was attempted again at the address listed for Nault in Plaintiff's complaint—this time *via* special process server. *See id.* at 3.  However, the process server was unable to effectuate service on Nault. *See* Pl.'s Mot., Ex. G.  After these attempts at personal service, Plaintiff's counsel requested Accurint, WhitePages, and Skiptrace reports on Nault in an effort to ascertain his whereabouts. *See* Pl.'s Mot. at 3–4.  All three reports confirmed the address listed in Plaintiff's complaint as Nault's current address.[2]  In light of the repeated attempts to serve Nault at this address, Plaintiff avers that Nault is actively avoiding service. Plaintiff further avers that any future attempts of such service would be futile.  As such, Plaintiff now moves for an Order to authorize alternative service on Nault *via* first-class and certified mail at Nault's confirmed address.

---

[1] Counsel's affidavit is attached to Plaintiff's motion as Exhibit K [ECF No. 6-1, at pp. 41–42].
[2] The Skiptrace report identified two current addresses—the address listed in Plaintiff's complaint and the address where service was attempted on October 31, 2022. *See id.* at 4 (citing Ex. J).

**II.     DISCUSSION**

    **A.  Legal Standard**

Federal Rule of Civil Procedure 4 governs service of a summons and complaint.  Because Defendant Nault is an individual presumably located within a judicial district of the United States, service in this matter is governed by Rule 4(e).  As such, Plaintiff may serve the defendant by following the New Jersey laws governing service of a summons and complaint in state court. *See* FED. R. CIV. P. 4(e)(1) ("[A]n individual . . . may be served in a judicial district of the United States by . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made.").

Under New Jersey law, personal service is the primary method of effecting service. *See* N.J. CT. R. 4:4-4(a).  Substitute or constructive service is permissible, however, if personal service cannot be effected within the state. *See* N.J. CT. R. 4:4-4(b), 4:4-5.  For *in personam* jurisdiction, alternative methods of service include personal service outside the state, simultaneous mailings by ordinary and certified or registered mail, return receipt requested, and as provided by court order, consistent with due process of law. *See* N.J. CT. R. 4:4-4(b).  Irrespective of the cause of action, substitute or constructive service requires a demonstration of due diligence by the requesting party that satisfies the requirements of New Jersey Court Rule 4:4-5(b). *See generally Modan v. Modan*, 327 N.J. Super. 44, 47 (App. Div. 2000) (noting that "[a]n affidavit of diligent inquiry is required to disclose the efforts made to ascertain the defendant's whereabouts before seeking an order for" service by alternative means).

"Diligence has no fixed standard." *Argonaut-Midwest Ins. Co. v. Colt Logistics Inc.*, No. 18-11783, 2018 WL 6716104, at *2 (D.N.J. Dec. 20, 2018) (citing *Modan*, 327 N.J. Super. at 48).  However, the diligence exercised, and the alternative method of service sought, must satisfy the

"elementary and fundamental requirement of due process." *O'Connor v. Altus*, 67 N.J. 106, 126 (1975) (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)).  Namely, this requires that there be "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.*  As such, in assessing diligence, the Court must conduct a fact-sensitive inquiry of "the qualitative efforts of a specific plaintiff seeking to locate and serve a specific defendant." *Modan*, 327 N.J. Super. at 48 (citation omitted).  "In short, a plaintiff must generally demonstrate a good faith, energetic effort to search and find a defendant whose address is unknown, or who is allegedly evading service, before resorting to alternate means of substitute service." *J.C. v. M.C.*, 438 N.J. Super. 325, 331 (Ch. Div. 2013).

### B. Analysis

Here, the Court is satisfied that Plaintiff has demonstrated due diligence in his attempts to locate and serve Defendant Nault.  A review of the Affidavit of Marc Simon, Esquire establishes that, in accordance with New Jersey Court Rule 4:4-4(a), Plaintiff attempted to personally serve Nault at his last known address on three prior occasions.[3] *See* Simon Aff. ¶ 6.  Thereafter, Plaintiff ran a LexisNexis Accurint Report, which confirmed that said address is Nault's most recent and current address. *See id.* ¶ 7; *see also* Pl.'s Mot., Ex. H.  Plaintiff requested two more reports *via* WhitePages and Skiptrace, which further confirmed that said address is Nault's most recent and current. *See* Simon Aff. ¶¶ 8–9; *see also* Pl.'s Mot., Exs. I, J.  Accordingly, given the repeated attempts at serving Nault at this address, Plaintiff concludes that Nault must be evading service.

---

[3] The Court also notes Plaintiff's repeated and exhaustive efforts to serve Nault *via* certified mail prior to attempting personal service—presumably pursuant to New Jersey Court Rule 4:4-4(c) and Federal Rule of Civil Procedure 4(e)(1). *See* Simon Aff. ¶¶ 1–5.

In light of the foregoing circumstances, the Court finds that Plaintiff has exercised due diligence and demonstrated in detail his good faith, exhaustive efforts to search, find, and serve Defendant, who appears to be evading service.

While Plaintiff has demonstrated to the Court that he was diligent in attempting to serve Defendant, the Court's inquiry does not end there.  As previously discussed, any form of alternative service must be "consistent with due process of law." N.J. CT. R. 4:4-4(b)(3); *see Cordova v. Breezy Point Inc.*, No. 19-15442, 2020 WL 133034, at *2 (D.N.J. Jan. 13, 2020) (citations omitted). Plaintiff's submissions in support of his motion establish that the proposed method of service would involve mailing process *via* first-class and certified mail to Nault's last known address. Given the particular facts and circumstances of this case, the Court finds that Plaintiff's proposed method of service is consistent with the "elementary and fundamental requirement of due process." *O'Connor*, 67 N.J. at 126 (citation omitted); *see Guardian Life Ins. Co. of Am. v. Est. of Walter Matesic*, No. 16-643, 2016 WL 3763340, at *2 (D.N.J. July 14, 2016) (citations omitted) (finding that simultaneous service by certified and regular mail comports with due process).  Nevertheless, in order to ensure that Nault will be placed on notice of this action and afforded an opportunity to present a defense, the Court will require Plaintiff to mail process *via* first-class and certified mail to the two addresses identified in the Skiptrace Report as Nault's current addresses.

### III.   CONCLUSION

Accordingly, for all the foregoing reasons,

**IT IS HEREBY ORDERED** this **21st** day of **August**, **2023**, that Plaintiff's motion [ECF No. 6] is **GRANTED**; and it is further

**ORDERED** that Plaintiff shall serve Defendant Eric Nault in accordance with this Opinion and Order by **September 11, 2023**.

                                                           s/ Sharon A. King
                                                           SHARON A. KING
                                                           United States Magistrate Judge

cc:  Hon. Christine P. O'Hearn, U.S.D.J.